# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

CLARENCE SIDNEY ALEXANDER,                                                    PETITIONER
ADC #69999

V.                                    5:12-cv-00332-DPM-JJV

RAY HOBBS, Director,
Arkansas Department of Corrections                                            RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

**I.     BACKGROUND**

Petitioner, Clarence Alexander, is an inmate at the Cummins Unit of the Arkansas Department of Correction. Mr. Alexander was convicted of capital felony murder in 1978, in the Crittenden County, Arkansas, Circuit Court. (Doc. No. 2 at 1.) He was sentenced to life in prison without parole. (*Id.*) Respondent has filed a Motion to Dismiss (Doc. No. 5). After careful consideration of the Petition and the Motion, the Court finds the Motion to Dismiss should be GRANTED.

This is Mr. Alexander's second Petition for Writ of Habeas Corpus. He filed his first federal habeas petition in 1981 before the Honorable G. Thomas Eisele, claiming: (1) his trial counsel should have been allowed to withdraw because of a conflict of interest; (2) his conviction was based on illegally seized evidence; (3) he was denied effective assistance of counsel; and (4) he was denied a fair trial when the victim's mother made inflammatory remarks to a member of the jury before trial. *Alexander v. Housewright*, 667 F.2d 556, 557 (8th Cir. 1981). The district court dismissed the petition, and the United States Court of Appeals for the Eighth Circuit affirmed. *Id.* Mr. Alexander's petition for writ of certiorari was denied. (Doc. No. 6 at 1.)

Mr. Alexander brings this second Petition for Writ of Habeas Corpus (Doc. No. 2) on new grounds. He claims the State of Arkansas violated his constitutional rights by charging him *ex post facto* of capitol felony murder. (*Id.*)

## II. ANALYSIS

"A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed." 28 U.S.C.A. § 2244(b)(2). A petitioner may only bring a second petition if he can show that the "claim relies on a new rule of constitutional law" or that "the factual predicate for the claim could not have been discovered previously through exercise of due diligence." 28 U.S.C.A. § 2244(b)(2)(A)-(B).

As the Respondent points out, Mr. Alexander's Petition does not show that his claims arise from a new rule of constitutional law or that he could not have discovered the alleged violation at the time of his first habeas petition. Here, Mr. Alexander claims that the charge of capitol felony murder did not exist in the State of Arkansas on September 4, 1975, when the crime occurred. (Doc. No. 2 at 4.) He argues that charging him with capitol felony murder was unconstitutional because the State inappropriately applied an *ex post facto* law to his case, resulting in a sentence of life without parole. (*Id.*) Mr. Alexander does not provide any persuasive authority nor has he shown this is a new development of law.

In fact, it appears that any amendments to the Arkansas Statute in 1976 would not have applied to Petitioner[1]. Nevertheless, this argument was available to Mr. Alexander when filing his

---

[1] Ark. Stat. Ann. § 41-1501 (Criminal Code 1976) changed the felony murder rule (formerly Ark. Stat. Ann. § 41-4702 (Supp. 1973)) by eliminating mass transit piracy and treason and adding escape in the first degree to the list of felonies to which the rule is applicable; and by including provisions creating accomplice liability (and affirmative defenses for an accomplice); by extending the rule to include a killing committed in immediate flight from an included felony; and by providing that the

first petition for writ of habeas corpus.

Accordingly, Mr. Alexander's Petition for Writ of Habeas Corpus should be dismissed as successive.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of

---

death be caused "under circumstances manifesting extreme indifference to the value of human life."

It also changed the focus of an unlawful killing involving a public official from (E) the unlawful killing of a public official resulting from a premeditated design to kill anyone, to (d) the unlawful killing of anyone resulting from a premeditated design to kill a public official. It added murder pursuant to agreement as a capital murder.

Ark. Stat. Ann. § 41-1304 (Criminal Code 1976) is different from § 41-4712 (Supp. 1973) in that it states that mitigating circumstances are not limited to those provided in the statute and by adding as mitigation the fact that the defendant has no significant history of prior criminal activity.

Mitigating circumstances are no longer limited to those provided in the statute and now include the circumstance that the defendant has no significant history of prior criminal activity. ARK. STAT. ANN. § 41-1304 (Criminal Code), § 41-4712 (Supp. 1973).

Aggravating circumstances were changed somewhat as they relate to a person who has a prior record of commission of a felony. ARK. STAT. ANN. § 41-1303 (Criminal Code), § 41-4711 (Supp. 1973).

Substantive changes in trial procedure, § 41-1301 *468 (Criminal Code), formerly § 41-4710 (Supp. 1973), include a provision that evidence of mitigating circumstances may be presented regardless of whether the evidence is admissible under the rules of evidence; and for waiver of the death penalty by the prosecutor, expressly or by stipulation as to the facts of mitigating and aggravating circumstances, after trial. Section 41-1302 (Criminal Code) allocates the burden of proof during the sentencing phase of a capital trial.

*Hulsey v. State*, 261 Ark. 449, 467, 549 S.W.2d 73, 83 (Ark. 1977).

appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

In this case, Mr. Alexander's Petition is successive and procedurally defaulted. Therefore, no certificate of appealability should be issued.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.   Respondent's Motion to Dismiss (Doc. No. 5) should be GRANTED, and the Petition for Writ of Habeas Corpus (Doc. No. 2) should be DISMISSED WITH PREJUDICE.

2.   A certificate of appealability should not be issued.

3.   All pending motions be DENIED as moot.

DATED this 6th day of November, 2012.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE